**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| TRAIL DR., LLC; AVIVA JANOFSY, and JOSEPH O'SULLIVAN | * * * | |
| Plaintiffs | * * | |
| V. | * * | NO: 4:11CV00173  SWW |
| SILVER HILL FINANCIAL, LLC; MANUFACTURERS AND TRADERS TRUST COMPANY; BAYVIEW LOAN SERVICING, LLC; and WACHOVIA COMMERCIAL MORTGAGE, INC. | * * * * * * * | |
| Defendants | * | |

**ORDER**

Plaintiffs Trail Dr., LLC, Aviva Janofsky ("Janofsky"), and Joseph O'Sullivan ("O'Sullivan") filed this action in state court against Silver Hill Financial, LLC ("Silver Hill"), Manufacturers and Traders Trust Company, Bayview Loan Servicing, LLC, and Wachovia Commercial Mortgage, Inc. ("Wachovia"), alleging violations of state law, and Defendants removed the case to federal court. After careful consideration, and for reasons that follow, the Court raises the issue of subject matter jurisdiction *sua sponte* and affords the parties an opportunity to file briefs on the issue of fraudulent joinder.

According to the complaint allegations, separate plaintiff Trail Dr., LLC is a limited liability company that owns and operates a mobile home park in Mabelvale, Arkansas and separate plaintiffs Janofsky and O'Sullivan are "signers" of a promissory notes financing the

purchase of a mobile home park in Mabelvale, Arkansas.  Plaintiffs claim that Defendants are charging usurious interest rates in connection with the aforementioned notes in violation of the Arkansas Deceptive Trade Practices Act.  They also charge that Silver Hill committed fraud by inducing them to contract by misrepresenting that they would pay an effective interest rate of 9.75%.

Based on the complaint allegations, complete diversity of citizenship between the parties is lacking because separate plaintiff Janofsky and separate defendant Wachovia are both residents of California.  However, Defendants removed the case to federal court, asserting that the amount in controversy exceeds $75,000 and that Plaintiffs joined Janofsky as a plaintiff and named Wachovia as a defendant solely for the purpose of defeating federal diversity jurisdiction.

Plaintiffs have not moved for remand and recently filed a motion to voluntarily dismiss claims against Wachovia, the only non-diverse defendant.  Additionally, Defendants have filed a motion seeking dismissal of the claims of separate plaintiffs Janofsky and O'Sullivan pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1]

Voluntary dismissal of a diversity-destroying defendant in state court, *before* removal, may provide a basis for removal, *see Knudson v. Systems Painters, Inc.*, 634 F.3d 968, 976 (8th

---

[1] Defendants assert that the separate claims of Janofsky and O'Sullivan must be dismissed for lack of standing because Trail Dr., LLC alone executed the promissory notes, and neither Janofsky nor O'Sullivan entered the contracts in their individual capacities.  In support of dismissal, Defendants point to unsigned copies the promissory notes attached to the complaint, which record  "Trail Dr., LLC" as sole maker of promissory notes and the sole borrower of the principal loan amounts.

Cir. 2011), but post-removal developments in a case will not render removal proper.[2]  Voluntary dismissal of claims against Wachovia at this juncture will not satisfy the requirement that diversity between the parties exist at the time of removal, and removal was proper in this case only if Plaintiffs attempted to defeat federal jurisdiction through fraudulent joinder.

Although the question of fraudulent joinder is not before the Court on a motion to remand, the Court has an obligation to raise the issue *sua sponte* and may not proceed at all in this case unless it has subject matter jurisdiction.  See *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 764 (8th Cir. 2001).   Furthermore, the issue of fraudulent joinder is not subsumed by Defendants' motion to dismiss.  To prove fraudulent joinder, a defendant must show that the plaintiff's claim against the non-diverse defendant has no reasonable basis in law or fact–a standard that is more demanding than the standard for dismissal under Federal Rule of Civil Procedure 12(b)(6).  See *Knudson v. Systems Painters, Inc*.,  634 F.3d 968, 980 (8th Cir. 2011)("By requiring the defendant to prove that the plaintiff's claim against the non-diverse defendant has no reasonable basis in law and fact, we require the defendant to do more than merely prove that the plaintiff's claim should be dismissed pursuant to a Rule 12(b)(6) motion.").

---

[2]In *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 117 S. Ct. 467 (1996), the issue was whether the absence of complete diversity at the time of removal was fatal to a federal court adjudication and final judgment, where the jurisdictional defect had been cured by the dismissal of a non-diverse defendant before trial.  The Supreme Court held that the district court's "error" in failing to remand the improperly removed case was not fatal to the ensuing adjudication because federal jurisdictional requirements were met at the time judgment was entered.   The Court opined, "To wipe out the adjudication post judgment, and return the case to state court a case now satisfying all federal jurisdictional requirements, would impose an exorbitant cost on our dual system, a cost incompatible with the fair and unprotracted administration of justice."  *Caterpillar*, 519 U.S. at 76, 117 S. Ct. at 476.  In this case, judgment has not been entered, the case has not reached the adjudication stage, and the Court is under an independent obligation to ensure that it has subject matter jurisdiction.

For the reasons stated, all proceedings in this case will be held in abeyance until the issue of subject matter jurisdiction is decided. The parties have up to and including fifteen (15) days from the entry of this order to file briefs on the single issue of whether Plaintiffs fraudulently joined Janofsky or Wachovia as parties in this case.

IT IS SO ORDERED this 1st day of July 2011.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE