**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| TRAIL DR., LLC; AVIVA | * | |
| JANOFSKY, | * | |
| and JOSEPH O'SULLIVAN | * | |
| | * | |
| Plaintiffs | * | |
| | * | NO: 4:11CV00173   SWW |
| V. | * | |
| | * | |
| SILVER HILL FINANCIAL, LLC; | * | |
| MANUFACTURERS AND TRADERS | * | |
| TRUST COMPANY; BAYVIEW | * | |
| LOAN SERVICING, LLC; and | * | |
| WACHOVIA COMMERCIAL | * | |
| MORTGAGE, INC. | * | |
| | * | |
| Defendants | | |

**ORDER**

Plaintiffs Trail Dr., LLC, Aviva Janofsky ("Janofsky"), and Joseph O'Sullivan

("O'Sullivan") filed this action in state court against Silver Hill Financial, LLC ("Silver Hill"),

Manufacturers and Traders Trust Company ("M&T"), Bayview Loan Servicing, LLC

("Bayview"), and Wachovia Commercial Mortgage, Inc. ("Wachovia Commercial"), alleging

violations of state law.   Defendants removed the case to federal court, asserting federal

jurisdiction on the basis of diversity of citizenship between the parties.   The case is before the

Court on the issue of subject matter jurisdiction, which the Court raised *sua sponte*.   After

careful consideration, and for reasons that follow, the Court finds that it has subject matter

jurisdiction.

Also before the Court are (1) Defendants' motion to dismiss the claims asserted by

Separate Plaintiffs Janofsky and O'Sullivan (docket entry #10), Separate Plaintiffs' response in

opposition (docket entry #13), and Defendants' reply (docket entry #14); (2) Plaintiffs'

unopposed motion to dismiss claims against Wachovia Commercial (docket entry #18); and (3)

the parties' joint motion to amend the final scheduling order (docket entry #17).  After careful

consideration, and for reasons that follow, Defendants' motion seeking dismissal of claims by

Separate Plaintiffs Janofsky and O'Sullivan will be granted.  However, Plaintiffs will have up to

and including fourteen days from the entry date of this order in which to file a motion for leave

to amend the complaint, accompanied by a proposed amended complaint.  If a motion to amend

is not filed within this time period, Separate Plaintiffs Janofsky and O'Sullivan will be dismissed

as parties.  Finally, Plaintiffs' motion to dismiss Wachovia Commercial and the parties' joint

motion to amend the final scheduling order will be granted.

**Background**

According to the complaint allegations, Plaintiff Trail Dr., LLC owns and operates a

mobile home park in Mabelvale, Arkansas, and Plaintiffs Janofsky and O'Sullivan are  "signers"

of a promissory notes financing the purchase of a mobile home park in Mabelvale, Arkansas.

Plaintiffs report that on or about November 7, 2006, they and separate defendant Silver Hill

executed two adjustable rate promissory notes–one for the principal amount of $185,600 ("First

Note") and a second for the principal amount of $23,200 ("Second Note").

In the complaint, Plaintiffs allege that M&T and Bayview are the current "owners and/or

servicers" of the First Note, and Bayview and Wachovia Commercial are the current "owners

and/or servicers" of the Second Note.  According to Plaintiffs, M&T prepared a payoff statement

dated December 18, 2009, showing a total $264,220.43 due on the First Note, and Bayview has

stated the total due on the Second Note is $33,949.20.   Plaintiffs allege that the loan charges for

the First Note exceed the principal balance by $81,978.95, nearly 45%, and loan charges for the

Second Note exceed the principal balance by $11,247.23, nearly 50%.

Plaintiffs sue each named defendant for charging usurious interest rates in violation of

the Arkansas Deceptive Trade Practices Act.   Plaintiffs further charge that Silver Hill committed

fraud by inducing them to enter the First and Second Notes by misrepresenting that they would

pay an  effective interest rate of  9.75%.  Plaintiffs allege that they have suffered "usurious

interest paid, damage to their credit, damage to other business relationships, and damage due to

the inability to sell the collateral securing the First Note and Second Note."  Compl., ¶ 48.

### Subject Matter Jurisdiction

Based on the complaint allegations, complete diversity of citizenship between the parties

is lacking because Janofsky and Wachovia Commercial are residents of California.  However,

Defendants removed the case to federal court, asserting fraudulent joinder--that Plaintiffs joined

Janofsky as a plaintiff and named Wachovia Commercial as a defendant solely for the purpose of

defeating federal diversity jurisdiction.

Rather than file a motion for remand denying the charge of fraudulent joinder, Plaintiffs

filed a motion to voluntarily dismiss claims against Wachovia Commercial, the only non-diverse

defendant.  In their motion to dismiss, Plaintiffs state:  "Subsequent to the filing of the

complaint, additional facts became known to the Plaintiffs requiring additional time and research

and altering the matters to be put before the court with regard to Wachovia Commercial

Mortgage, Inc."  Docket entry #18.

By order entered July 1, 2011, the Court raised the issue of subject matter jurisdiction *sua*

*sponte* and requested briefs on the issue of fraudulent joinder.[2]   The parties have filed briefs as

requested (docket entries #22, #23), and the matter is ready for decision.

Under the fraudulent-joinder exception to the requirement that diversity of citizenship

must exist both when the state petition is filed and when the petition for removal is filed, a

plaintiff cannot defeat a defendant's right of removal through fraudulent joinder of a "defendant

having no real connection with the controversy."   *Chesapeake & O. R. Co. v. Cockrell,* 232

U.S. 146, 152, 34 S.Ct. 278, 280 (1914).

Plaintiffs report that after they filed suit, Defendants represented that contrary to the

complaint allegations, Wachovia Commercial is not a lender or holder of the Second Note and

that Bayview alone is the holder of the First and Second Notes.   Apparently, Plaintiffs named

Wachovia Commercial as a defendant because O'Sullivan received a notice-of-default letter,

which states in part:  "The undersigned is writing to you on behalf of Bayview Loan Servicing,

LLC as servicer for *Wachovia Bank, NA* as Indenture Trustee (the "Lender").[3]  Docket entry #27,

---

[2]For reasons explained in the order entered July 1, 2011, voluntary dismissal of claims against a non-diverse defendant at this juncture will not satisfy the requirement that diversity between the parties exist at the time of removal, and removal was proper only if Plaintiffs attempted to defeat federal jurisdiction through fraudulent joinder.

[3]The Court may look beyond the face of the complaint and may review evidentiary material in considering whether there is any factual support for claims against Wachovia Commercial Mortgage, Inc.  *See Hobbs v. Wyeth, Inc.*, No. 3:04CV0176 GTE,   2004 WL 6005569, *5 n.4 (E. D. Ark. July 13, 2004)(citing *Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd.*, 99 F.3d 746, 751 (5th Cir.1996)("claims of fraudulent joinder should be resolved by a summary judgment-like procedure whenever possible ... the district court may "pierce the pleadings" to examine affidavits and other evidentiary material in determining  whether fraudulent joinder has occurred); *United Food & Commercial Workers Union v. Center Mark Properties*, 30 F.3d 298, 301 (2d, Cir.1994)(examining the proof presented and the record in determining whether jurisdiction existed on a motion to remand).

Ex. D(emphasis added).

Defendants note that the aforementioned notice does not reference Wachovia

Commercial Mortgage, Inc.  Additionally, Defendants submit the affidavit of John D'errico, an

officer of Bayview, who testifies that the entity referenced in the notice, Wachovia Bank, NA, is

an entity completely separate from Wachovia Commercial Mortgage, Inc.  Docket entry #22, Ex.

A.   Defendants assert that although the notice might lead one to conclude that Wachovia Bank,

NA, a national bank association, has some connection to the loan referenced therein, it would not

be reasonable to conclude that Wachovia Commercial Mortgage, Inc. was the owner or servicer

of the loan referenced in the letter.

The Eighth Circuit has held that when diversity jurisdiction is lacking, "the [defendant]

may avoid remand–in the absence of a substantial federal questions--only by demonstrating that

the non-diverse party was fraudulently joined." *Fila v. Norfolk S. Ry. Co.*, 336 F.3d 806, 809 (8th

Cir. 2003)(citing *Wiles v. Capitol Indemnity Corp.*, 280 F.3d 868, 871 (8th Cir. 2002)).  The

Eighth Circuit  has defined fraudulent joinder as  "the filing of a frivolous or otherwise

illegitimate claim against a non-diverse defendant solely to prevent removal."  *Fila v. Norfolk*

*S. Ry. Co.*, 336 F.3d 806, 809 (8th Cir. 2003).        In determining whether joinder is

fraudulent,  "a proper review should give paramount consideration to the reasonableness of the

basis underlying the state claim." *Id.* at 810.  Joinder is fraudulent when there exists no

reasonable basis in fact and law supporting a claim against the resident defendants."  *Id*. (citing

*Wiles v. Capitol Indemnity Corp.*, 280 F.3d 868. 870 (8th Cir. 2002)).

It is undisputed that Wachovia Commercial took no part in events giving rise to this lawsuit, and the Court finds no factual or legal support for Plaintiffs' claim against the non-diverse defendant.  Accordingly, Wachovia Commercial's residency is properly disregarded for the purpose of determining diversity jurisdiction, and the Court finds that it has subject matter jurisdiction over this dispute.

**<u>Defendants' Motion to Dismiss Claims by Separate Plaintiffs Janofsky and O'Sullivan</u>**

Defendants assert that the separate claims of Janofsky and O'Sullivan must be dismissed because Trail Dr., LLC alone executed the promissory notes, and neither Janofsky nor O'Sullivan entered the agreement in their individual capacities.  In support of their motion, Defendants point to unsigned copies the First and Second Notes attached to the complaint, which record  "Trail Dr., LLC" as sole maker of promissory notes and the sole borrower of the principal sums.

Although the unexecuted copies bear no signatures, they contain signature blocks for (1) Borrower, Trail Dr., LLC "By Member/Manager Our AR Prop, LLC;" (2) Bekeme, Corp., Member/Manager of Our AR Prop., LLC, "By: Joseph O'Sullivan, President of Bekeme Corp.;" and (3) Halixma Corp., Member/Manager of Our Prop., LLC, "By: Aviva Janofsky, President of Halixma Corp."  Additionally, unexecuted acknowledgment forms attached to the complaint state that Joseph O'Sullivan "is the President of Bekeme Corp., a Nevada corporation, a member/manager of Our AR Prop., LLC, a Nevada limited liability company and *is duly authorized in his capacity to execute the forgoing instrument for an in the name and behalf of said corporation*."  Compl, Attach.  A (emphasis added).  A similar unexecuted acknowledgment form states that Aviva Janofsky "is the President of Halixma Corp., a Nevada corporation, a

Member/Manager of Trail Dr., LLC, a Utah limited liability company and *is duly authorized to execute the foregoing instrument for an in the name and behalf of said corporation*." Compl., Attach. (emphasis added).

The capacity to sue or be sued is determined by the law of the state in which the district court is held. *See* Fed. R. Civ. P. 17(b). Under Arkansas law, the officer of a corporation cannot maintain a personal action against a third party for alleged wrongs inflicted on the corporation unless he or she suffered individualized injury that is not derivative of injury alleged to the corporation. *See First Commercial Bank, N.A. v. Walker*, 333 Ark. 100, 110-111, 969 S.W.2d 146, 151(1998). Pursuant to this rule, Defendants assert that O'Sullivan and Janofsky-- officers of corporations that are member/managers of a limited liability company, which is in turn a member/manager of Trail Dr., LLC--have no claims regarding Defendants' alleged misconduct in connection with promissory notes entered solely by Trail Dr., LLC.

Plaintiffs respond that the documents attached to the complaint are unexecuted copies of promissory notes, "which make it difficult to ascertain in what capacities the signatures were made." Docket entry #13, ¶ 6. To the contrary, the documents appended to the complaint,[4] which Plaintiffs have represented as "unsigned copies" of the actual promissory notes at issue in this case, clearly identify Trail Dr., LLC as the sole maker and borrower and Janofsky and O'Sullivan as signatories in their capacities as officers of entities that are members managers of

---

[4] See *Enervations, Inc. v. Minnesota Mining and Manufacturing Co*., 380 F.3d 1066, 1069 (8th Cir.2004)(stating that although matters outside the pleading may not be considered in deciding a Rule 12 motion to dismiss, documents necessarily embraced by the complaint are not matters outside the pleading); *see also* Fed. R. Civ. P. 10(c)(stating that "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."

Trail Dr., LLC.

According to Plaintiffs, "the individual plaintiffs [Janofsky and O'Sullivan] are claiming damages to them individually, not just piggybacking on the injury of the corporate entity." Docket entry #13, ¶ 24.  However, the complaint includes no allegations that Janofsky and O'Sullivan suffered distinct injuries personal to them as a result of Defendants' alleged misconduct.  The pleading states only that "Plaintiffs' damages include but are not limited to usurious interest paid, damage to their credit, damage to other business relationships, and damage due to inability to sell the collateral securing the First Note and the Second Note." Compl., ¶ 48 (emphasis added).   Plaintiffs do not allege in the complaint that Janofsky and O'Sullivan contributed their own money toward payment of the First and Second Notes, nor do they allege that Defendants have demanded that they do so.

Finally, Plaintiffs assert that under Arkansas law, a guarantor can sue in his individual liability as a guarantor on a usurious note.  However, Plaintiffs do not allege in the complaint that they are guarantors, nor do they allege that Defendants have attempted to recover against them as guarantors.

In a brief filed July 25, 2011, Plaintiffs state that they have confirmed that Janofsky and O'Sullivan signed agreements guaranteeing payment of the notes at issue.  Plaintiffs also report that  Defendants have taken action against Janofsky and O'Sullivan by reporting the alleged default on their credit reports, and Plaintiffs  present copies of letters to O'Sullivan from Bayview, which state:  "You are hereby notified that you, together with any applicable co-borrowers and guarantors, are in default under the terms and conditions of the above-referenced loan . . . " Docket entry #27, Ex. D.

The new allegations and documents presented in opposition to Defendants' motion to dismiss may provide a basis for a motion to amend the complaint to include claims by Janofsky and O'Sullivan.  However, the original complaint is void of allegations showing that Janofsky and O'Sullivan have suffered a personal and direct injury that is not derivative of the alleged harm to Trail Dr., LLC.[5]    Accordingly, the Court finds that Defendants' motion to dismiss the separate claims of Janofsky and O'Sullivan should be granted, without prejudice to Plaintiffs' right to file a motion to amend the complaint within fourteen (14) days from the entry date of this order.  If a motion to amend is not filed within this time period, the Court will dismiss Janofsky and O'Sullivan as parties.

### Motion to Dismiss Wachovia Commercial Mortgage, Inc.

With no objection from Defendants, Plaintiffs' motion to dismiss claims against Wachovia Commercial Mortgage, Inc., without prejudice, will be granted pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

### Joint Motion to Amend Scheduling Order

Before the Court held all proceedings in this case in abeyance pending a decision on

---

[5]In reviewing a motion to dismiss under Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint, but is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  In deciding whether O'Sullivan and Janofsky state a claim for relief, the Court must determine whether they have pleaded facts with enough specificity "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007) (citations omitted).  A complaint cannot simply "[leave] open the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery." *Id.* at 1968 (citation omitted).  Rather, the facts set forth in the complaint must be sufficient to "nudge the . . . claims across the line from conceivable to plausible." *Id.* at 1974.

subject matter jurisdiction, the parties moved for an amended scheduling order extending the

discovery deadline to September 27, 2011, the motions deadline to October 4, 2011.   The Court

finds good cause to amend the scheduling order as requested.

IT IS THEREFORE ORDERED that:

(1) Defendants' motion to dismiss the separate claims of Janofsky and O'Sullivan

(docket entry #10) is GRANTED, without prejudice to the right of Plaintiffs to file a motion to

amend the complaint. If a motion to amend is not filed within fourteen (14) days from the entry

date of this order, the Court will direct the Clerk to terminate Plaintiffs Janofsky and O'Sullivan

as parties to this action.

(2) Plaintiffs' motion to dismiss Separate Defendant Wachovia Commercial Mortgage,

Inc. (docket entry #18) is GRANTED.  Plaintiffs' claim against Wachovia Commercial

Mortgage, Inc. is DISMISSED WITHOUT PREJUDICE, and Wachovia Commercial Mortgage,

Inc. is dismissed as a party to this action.

(3) The parties' motion to amend the scheduling order (docket entry #17) is GRANTED.

The discovery deadline is extended up to and including September 27, 2011, and the motions

deadline is extended up to and including October 4, 2011.

IT IS SO ORDERED THIS 31ST  DAY OF AUGUST, 2011.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE