IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| TRAIL DR., LLC | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| V. | * | |
| | * | NO: 4:11CV00173 SWW |
| SILVER HILL FINANCIAL, LLC; | * | |
| MANUFACTURERS AND TRADERS | * | |
| TRUST COMPANY; BAYVIEW | * | |
| LOAN SERVICING, LLC; and | * | |
| WACHOVIA COMMERCIAL | * | |
| MORTGAGE, INC. | * | |
| | * | |
| Defendants | * | |
| | * | |

**ORDER**

Plaintiff Trail Dr., LLC ("Trail") filed this action in state court against Silver Hill Financial, LLC ("Silver Hill"), Manufacturers and Traders Trust Company, Bayview Loan Servicing, LLC, and Wachovia Commercial Mortgage, Inc., alleging violations of state law.[1] Defendants removed the case to federal court, asserting federal jurisdiction on the basis of complete diversity of citizenship between the parties and an amount in controversy exceeding $75,000.

The case is before the Court on Defendants' motion to strike Trail's jury demand (docket entry #33, #34) and Trail's response in opposition (docket entries #35, #36, #37. #38, #39, #40, #41). After careful consideration, and for reasons that follow, the motion to strike Trail's jury demand will be denied.

---

[1] Aviva Janofsky and Joseph O'Sullivan joined as plaintiffs, but their claims were dismissed, and Trail remains as the sole plaintiff.

Trail sues Defendants under the Arkansas Deceptive Trade Practices Act for charging usurious interest rates with respect to two adjustable rate promissory notes Trail entered on November 7, 2006.  Additionally, Trail charges that Silver Hill committed fraud by misrepresenting an effective interest rate of 9.75%.

Defendants move to strike Trail's demand for a jury trial, asserting that Trail waived its right to a trial by jury pursuant to paragraph 18 of the promissory notes, which reads as follows:

> WAIVER OF TRIAL BY JURY.  BORROWER AND LENDER, BY ITS ACCEPTANCE HEREOF, EACH HEREBY WAIVES, TO THE FULLEST EXTENT PERMITTED BY LAW, THE RIGHT TO TRIAL BY JURY IN ANY ACTION, PROCEEDING, OR COUNTERCLAIM, WHETHER IN CONTRACT, TORT OR OTHERWISE, RELATING DIRECTLY OR INDIRECTLY TO THE LOAN EVIDENCED BY THIS NOTE, THE APPLICATION FOR THE LOAN EVIDENCED BY THIS NOTE, THE SECURITY INSTRUMENT OR OTHER SECURITY DOCUMENTS OR ANY ACTS OR OMISSIONS OF ANY PARTY OR ANY OF THEIR RESPECTIVE OFFICERS, EMPLOYEES, DIRECTORS OR AGENT IN CONNECTION THEREWITH.  THIS WAIVER OF THE RIGHT TO TRIAL BY JURY IS A MATERIAL INDUCEMENT  TO THE  LENDER  FOR THE  LENDER TO MAKE THE LOAN.
>
> READ ALL CREDIT AGREEMENTS BEFORE SIGNING.  THE TERMS OF ALL CREDIT AGREEMENTS SHOULD BE READ CAREFULLY BECAUSE ONLY THOSE TERMS IN WRITING ARE ENFORCEABLE.  NO OTHER TERMS OR ORAL PROMISES NOT CONTAINED OR SPECIFICALLY INCORPORATED BY WRITING IN THIS CREDIT AGREEMENT MAY BE LEGALLY ENFORCED.  YOU MAY CHANGE THE TERMS OF THIS NOTE ONLY BY OTHER WRITTEN CREDIT AGREEMENTS.
>
> (NO FURTHER TEXT - SIGNATURES APPEAR ON NEXT PAGE)

Separate signature pages that follow the foregoing waiver clause contain the signatures of Joseph O'Sullivan and Aviva Janofsky.  According to notarized acknowledgment forms that follow the signatures,  O'Sullivan signed the notes in his capacity as president of Bemke Corporation, a member/manager of Our AR Prop, LLC, which is in turn a member/manager of

Trail, and Janofsky signed the notes in her capacity as president of Halixma Corporation, a member/manager of Our AR Prop, LLC.

In opposition to Defendants' motion, Trail reports that the promissory notes at issue, along with other documents, "were presented for the first time to the plaintiff via a mailed closing." Docket entry #35, at 8. By affidavit, O'Sullivan and Janofsky testify that the promissory notes were contained in a package containing nearly 200 pages of documents. *See* docket entry #36, Exs. A-B. According to O'Sullivan and Janofsky, they had no opportunity to negotiate terms of the agreements, and they received little time to review the documents before they had to be signed and returned. O'Sullivan and Janofsky testify that they did not read the jury waiver clause, but if they had, they "would not have understood it to mean that a trial of a lawsuit concerning fraud, misrepresentation, deception or usury would not include a jury trial." Docket entry #36, Exs. A-B, ¶ 8. Additionally, O'Sullivan and Janofsky testify that when they signed the agreements, they had no prior experience negotiating commercial real estate loans.

In a diversity action, federal law governs the enforcement of a jury waiver clause. *See Simler v. Conner*, 372 U.S. 221, 222, 83 S.Ct. 609 (1963). A party may contractually waive its Seventh Amendment right to a jury, but a party's wavier must be knowing and voluntary. *See Northwest Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 373 F.2d 136, 142 (8th Cir.1967). In determining whether a contractual waiver was knowing and voluntary, relevant factors include negotiations between the parties concerning the waiver provision, the conspicuousness of the provision in the contract, the relative bargaining power of the parties, the business acumen of the party opposing the waiver, and whether counsel for the party opposing waiver had an opportunity to review the agreement. *See Hillcrest Bank, N.A. v. Cordsen,* No. 10-00967-CV-

W-DGK, 2011 WL 2633273, at *1(W.D. Mo., July 5, 2011)(citing 8 J. Moore et al., § 38.52[3][c])). The Eighth Circuit has not addressed which party bears the burden of proving whether a jury waiver was knowing and voluntary, but courts within the Eighth Circuit "'have generally held that the party attempting to enforce the waiver has the burden of proving the waiver is 'knowing' and 'voluntary.'" *Id*. (quoting *Thomas v. Vista A & S 2006–I LLC*, No. 4:09CV3143, 2010 WL 3119802, at *1 (D. Neb. Aug.5, 2010)).

In this case, the terms of the waiver clause are clear. Additionally, the clause is conspicuously set apart in a paragraph of its own, and it appears in capital letters, unlike the surrounding provisions. However, Defendants have failed to present evidence to rebut O'Sullivan and Janofsky's testimony that they were unaware of the jury waiver clause when they signed the agreements, they had no opportunity to negotiate the terms of the agreements, and they they were under a deadline that afforded no time to review the agreements before signing. Additionally, the jury waiver provision is not so conspicuous that it renders O'Sullivan's and Janofsky's testimony implausible. *See Burke Grain Co. v. St. Paul-Mercury Indemnity Co.* (8th Cir. 1938)(noting that the right of jury trial is fundamental, and courts indulge every reasonable presumption against waiver). Considering the evidence as a whole, the Court cannot find that Trail knowingly and voluntarily waived the right to a jury trial.

IT IS THEREFORE ORDERED that Defendants' motion to strike Plaintiff's jury demand (docket entry #33) is DENIED.

IT IS SO ORDERED THIS 16TH DAY OF MARCH, 2012.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE